IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHARON ENGRAV, and
STEVEN ENGRAV,

                Plaintiffs,                              ORDER

      v.                                              09-cv-196-slc

PROASSURANCE WI INSURANCE COMPANY,
GUNDERSEN CLINIC, LTD.,
GUNDERSEN CLINIC LTD. PROFESSIONAL LIABILITY
  INSURANCE PLAN,
GUNDERSEN LUTHERAN, INC.,
GUNDERSEN LUTHERAN MEDICAL CENTER, INC., and
SCOTT W. RATHGABER, M.D.,

                Defendants.

---

Plaintiffs Sharon and Steven Engrav filed this civil action for monetary relief on April 3, 2009, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs bring a state medical malpractice claim against defendants ProAssurance WI Insurance Company, Gundersen Clinic, Ltd., Gundersen Clinic Ltd. Professional Liability Insurance Plan, Gundersen Lutheran, Inc., Gundersen Lutheran Medical Center, Inc. and Scott W. Rathgaber. Before the court is the defendants' motion for summary judgment; however, because it remains unclear whether this case meets the requirements of § 1332, I cannot address the merits of defendants' motion until plaintiffs provide additional information regarding the amount in controversy and the citizenship of defendants.

This court has an independent obligation to insure that subject matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Court of Appeals for the Seventh Circuit insists that litigants review meticulously the limits of federal jurisdiction so as to avoid wasting of federal judicial resources. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350

F.3d 691, 693 (7th Cir. 2003).  The federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to th existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447-48 (7th Cir. 2000).

Section 1332 requires complete diversity of citizenship between each plaintiff and each defendant and an amount in controversy of at least $75,000.  28 U.S.C. § 1332; *Chase v. Shop n' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  Although plaintiffs include some evidence regarding the parties' diversity of citizenship and the amount in controversy, they have not provided enough.

It is undisputed that defendants Gundersen Clinic, Ltd., Gundersen Lutheran Medical Center, Inc. and Gundersen Lutheran, Inc. are incorporated in the state of Wisconsin and have their "principal offices" in La Crosse, Wisconsin.  Additionally, it is undisputed that defendant ProAssurance WI Insurance Company is a "Wisconsin insurance company" with its "principal offices" located in Madison, Wisconsin and defendant Gundersen Clinic, Ltd. Professional Liability Insurance Plan is a "Wisconsin self-insured insurance plan" with its "principal offices" located in La Crosse, Wisconsin.

For the purpose of establishing diversity jurisdiction, a corporation is deemed a citizen of the state in which it is incorporated and the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1); *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 740-43 (7th Cir. 2004).  Although it is undisputed that defendants Gundersen Clinic, Ltd., Gundersen Lutheran Medical Center, Inc. and Gundersen Lutheran, Inc. are incorporated in Wisconsin, plaintiffs have not expressly identified the defendants' principal places of business, only their "principal offices."  Perhaps the defendants' principal offices are

their principal places of business. If so, plaintiffs should say so. *Ill. Bell Tel. Co., Inc. v. Global NAPs Ill., Inc.*, 551 F.3d 587, 590 (7th Cir. 2008) ("A company's principal place of business is where its "nerve center" is located, or more concretely, where its executive headquarters are located.") (citations omitted).

As for defendant ProAssurance WI Insurance Company, plaintiffs do not identify the citizenship of ProAssurance, stating only that it is a "Wisconsin insurance company." If ProAssurance is a corporation, plaintiffs must provide evidence of the state in which it is incorporated and the state where its principal place of business is located. If it is an unincorporated entity, plaintiffs must provide evidence of the citizenship of each of its members. *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004) (unincorporated entities are citizens of every state of which any member is a citizen).

The Gundersen Plan appears to be a trust; if so, its citizenship is determined by the citizenship of its trustees. *May Dep't Stores Co. v. Fed. Ins. Co.*, 305 F.3d 597, 598-99 (7th Cir. 2002); *see also Cent. States, Se. and Sw. Areas Pension Fund v. Art Pape Transfer, Inc.*, 79 F.3d 651, 653 (7th Cir. 1996). If defendant Gundersen Clinic, Ltd. Professional Liability Insurance Plan is a trust, then plaintiffs must allege the citizenship of each of the plan's trustees for the purposes of asserting diversity jurisdiction. If it is some other entity, such as a corporation or an unincorporated association, plaintiffs must follow the rules I have described above to establish its citizenship.

To the extent that plaintiffs must establish the citizenship of any individual, (if, for example, a trustee or a member of an unincorporated association is an individual), plaintiffs should keep in mind that an individual is a citizen of the state in which s/he is domiciled, which

is "the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. *Steigleder v. McQuesten*, 198 U.S. 141 (1905) (distinguishing between residency and citizenship).

Because defendants' motion for summary judgment is before the court, plaintiffs are reminded that sworn affidavits evidencing the defendants' citizenship should be submitted to the court.

ORDER

IT IS ORDERED that plaintiffs may have until February 17th, 2010, in which to submit evidence sufficient to establish the amount in controversy and the complete diversity of citizenship between each plaintiff and each defendant. Defendants should notify the court within two days of service of the materials if they dispute any of plaintiffs' evidence.

Entered this 10th day of February, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

4